## LUMBERMEN'S RECIPROCAL ASS'N v. BOHLSSEN et al. (No. 1183.)

(Court of Civil Appeals of Texas. Beaumont. May 11, 1925. Rehearing Denied May 20, 1925.)

**Master and servant** ⬅➔361—**General manager who is also president and stockholder not "employé" within Compensation Act.**

Under Vernon's Ann. Civ. St. Supp. 1918, art. 5246—83, amended in 1923 by Acts Thirty-Eighth Leg. c. 177, § B1, general manager of corporation manufacturing lumber, whose only compensation was received as such, but who was also president stockholder, and director, *held* not an employé within meaning of Workmen's Compensation Act (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.), though his death occurred while loading lumber.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Employé.]

Appeal from District Court, Angelina County; L. D. Guinn, Judge.

Proceeding under Workmen's Compensation Act by H. G. Bohlssen and others for death of H. G. Bohlssen, opposed by Lumbermen's Reciprocal Association. From an order of the Compensation Board denying an award, claimants appealed to the district court, and from a judgment in favor of claimants, the association appeals. Reversed and rendered.

Fairchild & Redditt, of Lufkin, for appellant.

Coleman & Lowe, of Woodville, and Collins & Collins, of Lufkin, for appellees.

O'QUINN, J. The following statement of the nature and result of the suit, which appellees admit is correct, is taken from appellant's brief:

"This is a suit arising under the Workmen's Compensation, or Employer's Liability Act of the state of Texas.

"The appellees here are the surviving wife and children of H. G. Bohlssen, who was accidentally killed on the 7th day of July, A. D. 1923, at the H. G. Bohlssen Manufacturing Company's mill in Angelina county, Tex. The appellees filed claim with the Industrial Accident Board for compensation, which was contested by the appellant, Lumbermen's Reciprocal Association, upon the theory that H. G. Bohlssen was the president, director, general manager, and the largest stockholder of the H. G. Bohlssen Manufacturing Company, which is a corporation, and that by reason of the above facts he was not entitled to compensation.

"The claim was denied by the Board, and appeal was properly perfected by the appellees herein; and upon trial before the district judge of Angelina county, Tex., a judgment was rendered in favor of appellees for the sum of $7,200 payable at the rate of $20 per week for a fixed period of 360 weeks from the date of the injury resulting in the death of H. G. Bohlssen."

Motion for a new trial was overruled, and the case is before us on appeal.

The facts are practically without dispute. They show that the H. G. Bohlssen Manufacturing Company was a private corporation incorporated under the laws of Texas, and engaged in manufacturing lumber. The deceased, H. G. Bohlssen, was president of the corporation, one of its directors, and the largest stockholder, he owning 51 per cent. of the capital stock. He also acted as general manager, directing the affairs of the company, and worked at any and all jobs, like grading and stacking lumber on the yard, loading cars, and as a machinist in the shops, to performing the duties of president and executive officer of the company. He received no salary as president of the company, but he received $500 per month for his services as general manager and his work generally. At the time he received the injuries from which he died, he was assisting in loading some heavy hard wood timber on a car. One of the heavy pieces slid off the skids, knocked him down, and fell on his head killing him.

---

⬅➔For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appellant submits but one proposition, which is:

. "The surviving wife and children of a person who is the president, director, largest stockholder, general manager, and supreme executive officer of a corporation are not entitled to recover for the death of said person under the Workmen's Compensation Act of the state of Texas, for the reason that said person is not an employé within the meaning of the act, and does not come within the terms and provisions of said act, entitling his dependents to compensation."

To this appellees submit the following counter proposition:

"The surviving beneficiaries are entitled to recover compensation for the death of one who was employed and receiving the salary for doing all his work as general manager or superintendent and common laborer, his death having resulted while doing common labor arising out of his employment, notwithstanding at the time the deceased held the office of president and director and was the largest stockholder in the corporation, but received no salary as such."

Article 5246—83, Vernon's Ann. Civ. St. Supp. 1918, is decisive of the case. As amended in 1917, it read:

"The president, vice-president or vice-presidents, secretary or other officers thereof provided in its charter or by-laws and the directors of any corporation which is a subscriber to this act shall not be deemed or held to be an employé within the meaning of that term as defined in the preceding section hereof."

As interpreted by Millers' Mutual Casualty Co. v. Hoover (Tex. Civ. App.) 216 S. W. 475; (Tex. Com. App.) 235 S. W. 863, and Millers' Indemnity Underwriters v. Cook (Tex. Civ. App.) 229 S. W. 598; (Tex. Com. App.) 240 S. W. 535, this article did not exclude officers or directors of a corporation under contract of hire to perform labor other than as required of them in their official capacity from the benefits of the act, their pay not being granted them as officers of the corporation, but being for the labor performed under the contract of hire. Shortly after the rendition of these decisions, the Legislature, in 1923 (Acts Thirty-Eighth Leg. p. 388), amended this article so as to read:

"The president, vice-president or vice-presidents, secretary or other officers thereof provided in its charter or by-laws and the directors of any corporation which is a subscriber to this Act shall not be deemed or held to be an employé within the meaning of that term as defined in the preceding section hereof, and this notwithstanding they may hold other offices in the corporation and may perform other duties and render other services for which they receive a salary."

It will be noted that the only change in the law made by the Legislature was the addition of the words:

"And this notwithstanding they may hold other offices in the corporation and may perform other duties and render other services for which they receive a salary."

This amendment was intended to meet the decisions above referred to, and to expressly declare that such interpretation of the law, as it existed at the time of the rendering of such decisions, was not in accord with the legislative intent to exclude officers and directors of a corporation from being deemed employés under the law, and to make it plain that they should not be so considered. Counsel for appellees urgently insist that,' granting that the Legislature intended by the amendment of 1923 to exclude the persons named from the benefit of the act, still, that its attempt to do so was abortive, for in that, in the language of counsel, it "failed to say anything," and hence that the law is unchanged and remains as it was at the rendition of the opinions in said cases, and should be so held. We cannot agree with counsel. We think the Legislature has clearly and effectively amended the law to meet the holdings in those very cases, and that, under the amended act, Bohlssen cannot be held to have been an employé at the time he received his injury.

The judgment should be reversed and here rendered for appellant, and it is so ordered.

Reversed and rendered.