## BELL v. TEXAS EMPLOYERS' INS. ASS'N.

### No. 10876.

Court of Civil Appeals of Texas. Dallas.
Oct. 24, 1931.

Rehearing Denied Nov. 21, 1931.

W. R. Herring and Robert Ogden, both of Dallas, for appellant.

Leachman, Gardere & Bailey, of Dallas, for appellee.

JONES, C. J.

This is a workmen's compensation case in which appellant, D. C. Bell, has appealed from the judgment of a district court of Dallas county in favor of appellee, Texas Employers' Insurance Association. A statement of the case follows:

Appellant was given an award for the specific injury of hernia by the Industrial Accident Board. Appellee, in due time and as authorized by law, filed suit in a district court of Dallas county to set aside the award, and appellant filed a cross-action in the suit, setting up the claim for the specific injury of a hernia and also for all expenses incident to a successful hernia operation, including the surgeon's bill, hospital expenses, and other expenses incidental thereto.

There is no question made as to the fact that appellant received an injury resulting in a hernia while in the scope of his employment, and there is no question as to the necessity for the amount of, or the reasonableness of, the surgeon's fee and hospital expenses. There is no issue as to the right to recover these expenses provided appellant is entitled to recover for the specific injury of hernia under the Workmen's Compensation Law (Vernon's Ann. Civ. St. art. 8306 et seq.).

At the time of the injury appellant was employed by J. Lee Vilbig & Co., a corporation, and appellee carried the company's compensation insurance. He began working for this concern in 1924, when its corporate name was Best Hauling Company. This corporate name was changed by charter amendment to J. Lee Vilbig & Co. This change was authorized on September 15, 1924, at a stockholders' meeting, and was consummated at another stockholders' meeting on the fourth Monday in January, 1925. It appears that the capital stock of the old and the new company consisted of 100 shares, but the par value of a share is not shown.

At the time of this meeting, J. Lee Vilbig owned 51 shares of stock, Edwin Vilbig owned 48 shares, and the remaining one share, as shown by the stock book, was made out to appellant. This share of stock was signed by J. Lee Vilbig, president, but did not have the corporate seal, was never detached from the stock book, and never delivered to appellant. The undisputed evidence shows that appellant never was the owner of this share of stock; it remained in the stock book in this condition until another amendment to the charter in 1929 again changed the corporate name, and at that time it was taken up by the J. Lee Vilbig & Co. and new stock issued therefor, but appellant did not receive the new stock and was paid no consideration for same.

All of the minutes of the stockholders' meeting and the board of directors' meeting in January, 1925, were prepared by the attorney for J. Lee Vilbig & Co., and the meeting was held in the attorney's office. These minutes show that the stockholders elected J. Lee Vilbig, Edwin Vilbig, and appellant as the board of directors; that the board of directors elected J. Lee Vilbig president, Edwin Vilbig vice president, and that a salary for each was fixed. It also showed that appellant was elected secretary, but no salary was fixed to such position. The by-laws provided for a president, a vice president, and a secretary. No provision was made for any other office. When the stockholders, consisting of the three named persons, met, they signed all of the papers, including the minutes, that had been theretofore prepared by the attorney. When the board of directors met, the same procedure was had. Appellant did not read any of the papers he signed, but signed same at the request of the attorney and J. Lee Vilbig. He knew, however, that he was elected secretary of the company. There was no stockholders' or board of directors' meeting from the fourth Monday in January, 1925, until in 1929, when the charter was again amended, changing the name of the corporation.

The by-laws provided that a member of the board of directors must be a stockholder. There is no provision requiring the secretary of the corporation to be a stockholder. The by-laws provided for the duties of the secretary. These duties are: To issue notices of all meetings, to keep the minutes, to have charge of the corporate books, to sign with the president such instruments as required such signature, and to make such reports and perform such other duties as are incident to his office, or properly required of him by the board of directors. Appellant never issued notice of any meeting because none was called, and he did not have charge of the corporate books. The minutes of the January, 1925, meeting were signed by him, as before stated, and there is evidence that, from the time of this meeting until and after his injury on March 21, 1927, he signed some letters and perhaps some instruments as secretary, or as secretary-treasurer. Appellant continued to perform the duties of his previous employment as he had performed same prior to the time he was named secretary and, except as above named, performed no duties pertaining to the office of a secretary. At the time of this meeting and previous thereto, his salary was $200 per month. Some time during the year 1926 his salary was raised to $250 per month, and some time subsequent to his injury his salary was reduced to $200 per month.

Appellant testified that from the fourth Monday in January, 1925, and up until September, 1925, he continued to serve as secre-

*tary;* that in September of said year he tendered his resignation as secretary to Mr. E. A. (Edwin) Vilbig, and gave as his reason that he wanted to invest $1,000 in stock of the company and that the president refused to sell him any stock; that after his refusal he said he would like to get out from under the secretaryship, and claimed to have never acted as secretary since said date. Appellant explained that, in signing letters of Mr. J. Lee Vilbig, president, which were signed by him as secretary, he signed as the individual secretary of Mr. Vilbig, and not as secretary of the company. Appellant was the bookkeeper, but the books he had in his possession were those dealing with the customers, and this had been his principal work during all of the time of his employment. No other secretary was elected until the 1929 meeting, and J. Lee Vilbig testified that, during the time from the fourth Monday in January, 1925, until the meeting of 1929, appellant was the secretary.

Section 1a of article 8309 of the Workmen's Compensation Law reads: "The president, vice-president or vice-presidents, secretary or other officers thereof provided in its charter or by-laws and the directors of any corporation which is a subscriber to this law shall not be deemed or held to be an employee within the meaning of that term as defined in the preceding section hereof, and this notwithstanding they may hold other offices in the corporation and may perform other duties and render other services for which they receive a salary." This section as it now reads was enacted in 1923, and is an amendment to section 1a as it previously existed. This section was first enacted in 1917, when the Workmen's Compensation Law, in many material respects, was amended, and then read just as it reads now, except the last clause, "and this notwithstanding they may hold other offices in the corporation and may perform other duties and render other services for which they receive a salary." The addition of this clause was the only change in this section made by the 1923 amendment.

When the Workmen's Compensation Law was first enacted, there was no section similar in import to section 1a, and consequently no specific prohibition against the enumerated officers in said section becoming "employee" of a corporation "subscriber". The term "employee" as defined by the Workmen's Compensation Law (article 8309, § 1), reads: "'Employee' shall mean every person in the service of another under any contract of hire, expressed or implied, oral or written, except masters of or seamen on vessels engaged in interstate or foreign commerce, and except one whose employment is not in the usual course of trade, business, profession or occupation of his employer."

At the conclusion of the evidence, each party made a motion for peremptory instruction. The court granted the motion of ap-

pellee evidently on the theory that appellant, at the time he was injured, was secretary of a corporation, as that term is used in section 1a, and that the evidence raised no issue of fact as to his resignation in September, 1925, previous to his injury.

By errors duly assigned and properly presented, appellant contends that he was never secretary of the company within the meaning of said section; but that, if mistaken in this, then he contends that the evidence conclusively shows, as a matter of law, that he resigned such position previous to his injuries; and again, if mistaken in this, he contends that the evidence raised a jury issue as to the fact of such resignation and that it was error in any event for the court to have given peremptory instruction in appellee's favor. Appellee, by counter propositions, controverts each of appellant's contentions.

Under the undisputed fact that appellant was never the owner of the share of stock made out in his name, and consequently, under the by-laws, he never became a legal director of this company, and is not within the prohibition of section 1a, as to directors of a corporation. As we understand appellee, it is not insisted that appellant ever was a legal director, and this phase of the suit will not further enter into this discussion.

Appellant urges that the evidence at most shows that he was only nominally a secretary, made such for the purpose of signing the minutes and instruments drawn up at the directors' meeting in January, 1925, for the purpose only of complying with the by-laws of the corporation, and that, when this exigency passed, he ceased to hold any office with the corporation. We cannot so construe the evidence. The by-laws provide for a secretary. The minutes recite that appellant was duly elected to such position, and appellant testifies himself that he was the secretary until his resignation in the following September.

However, appellant's main contention in this respect, is based on the theory that, where one occupies a dual relation to a corporate subscriber, to wit, nominally a secretary, but in fact only an employee of such corporation, the office he holds is not within the meaning of the term "secretary," as used in section 1a. We cannot agree to this contention. We think the history of the legislation in this respect compels a different construction of the language of the statute under review. The Workmen's Compensation Law was first enacted in 1913, and, as stated, that enactment embraced no section of similar import to the section of the statute under review. A question seems to have arisen, under the act of 1913, as to whether a president and other officers of a corporation could be held to be employees under the definition of such term, in the Workmen's Compensation Law, when such officers occupied the dual relation to the cor-

poration of officer and employee. The commissioner of insurance sought an opinion on this question of the Attorney General of Texas, who at such time was Honorable B. F. Looney, now Associate Justice of this court. In a very full opinion, it was held by the Attorney General that officers of the corporation could be employees of the corporation, protected by compensation insurance. Millers' Mutual Casualty Co. v. Hoover (Tex. Com. App.) 235 S. W. 863. Doubtless, in view of this opinion, the Legislature in the 1917 amendment of the Workmen's Compensation Law, enacted section 1a as it read before the 1923 amendment. After section 1a was first enacted, the contention was made that its language was not clear and explicit as to its meaning, in reference to its application to a person who was both a designated officer and an employee. On the one hand, it was contended that the statute was enacted because of the opinion given on this question by the Attorney General to the commissioner of Insurance, and that its enactment was intended to and did exclude any designated officer from being an employee within the meaning of that term, as used in the Workmen's Compensation Law, although such officer was actually an employee and performed the same character of work as other employees, under a contract with the corporation, at a stated salary. On the other hand, it was contended that the statute only intended to exclude him from insurance if he was injured while doing work in his official capacity, but did not exclude him from being an employee while doing the work of his employer, solely in the capacity of employee. These contentions came before the Supreme Court in the case of Millers' Mutual Casualty Co. v. Hoover, 235 S. W. 863, and decided by the Commission of Appeals, and also before the Supreme Court in Cook v. Millers' Indemnity Underwriters, 240 S. W. 535, and was decided by the Commission of Appeals. Both of these opinions were approved by the Supreme Court. Those cases sustained the doctrine that officers of a corporation, designated in section 1a, could sustain the dual relationship of officer and employee, as the latter term is defined in the Workmen's Compensation Law, and, if injured while in the latter capacity, he could recover compensation insurance, but could not recover such insurance if injured in his capacity as an officer. These decisions appear to be in harmony with the spirit of the Workmen's Compensation Law.

However, because of such construction of section 1a, as it then existed, the Legislature adopted the 1923 amendment of this section as expressive of its intent on this question. While section 1a, as it now exists, may be out of harmony with what generally has been considered the spirit of the Workmen's Compensation Law, yet its language is such that there can be no doubt as to its meaning, especially when the legislative history of this enactment is borne in mind, as well as the court's construction of the 1917 enactment. It was such construction that the Legislature undertook to prevent in the future. The present section has made it plain that the designated officers are prohibited from being considered employees, within the meaning of that term, as it is used in the Workmen's Compensation Law. No other meaning can be given the added clause, "notwithstanding they [officers] may hold other offices in the corporation and may perform other duties and render other services for which they receive a salary." Such construction has been placed on the 1923 amendment by the Beaumont Court of Civil Appeals in the case of Lumbermen's Reciprocal Ass'n v. Bohlssen et al., reported in 272 S. W. 813, a case very similar in its facts to the instant case in so far as this question is affected. We therefore overrule appellant's assignments of error in this respect.

■ Appellant's second contention, that the evidence shows, as a matter of law, that appellant resigned the secretaryship previous to his injuries, cannot be sustained. It is true appellant testified that he would so resign, but, both previous and subsequent to his injuries, in signing letters and perhaps other instruments of the company, he signed some of them either as "secretary" or "secretary-treasurer." The president of the company also testified that he was its secretary at the time of his injuries. It is true that appellant explained that his signature as secretary, used after his resignation, was in the capacity as private secretary to the president and not that as secretary of the corporation, but this explanation cannot be taken as conclusively establishing the fact that he had resigned and was not then secretary of the corporation. All assignments of error in this respect are overruled.

■ We are of the opinion that appellant's third contention, that a jury issue was made by the evidence as to the fact of his resignation, must be sustained. Resignation from a corporate position is not required to be in writing, nor is it required to be in any special form, and it takes effect immediately from the time notice of the resignation is given, unless a subsequent date is named, by the one resigning. A resignation does not require an acceptance unless it is tendered to take effect on acceptance. C. J. vol. 14A, p. 73. Appellant not only testified that he resigned, but he further testified, "The reason I resigned as such was that I offered Mr. J. Lee Vilbig $1,000 for some stock in the company and he refused to sell me any and so in September 1926, I told Mr. E. A. Vilbig I would like to get out from under that secretaryship." From his entire testimony he makes it clear that he considered that he had resigned. We think this testimony is of such a substantial nature as to require a submission of the issue of resignation to the jury as a disputed fact

in the case, and that for this reason the court was in error in giving the peremptory instruction.

For the reasons above stated, it is our opinion that this case should be reversed and remanded for another trial, in order that the disputed issue of fact as to appellant's resignation may be passed upon by a jury under a proper submission, and it is so ordered.

Reversed and remanded.