TRAVELERS INS. CO. v. BEASLEY.

No. 5485.

Court of Civil Appeals of Texas. Texarkana.

May 16, 1940.

Rehearing Denied May 23, 1940.

Thompson, Knight, Baker, Harris & Wright, Jas. E. Henderson, and Pinkney Grissom, all of Dallas, for appellant.

Bramlette, Levy & Dotson, of Longview, for appellee.

JOHNSON, Chief Justice.

This suit was filed by appellant, the Travelers Insurance Company, against appellee, E. D. Beasley, to set aside an award of the Industrial Accident Board. Appellee answered and by cross action asked compensation for total loss of sight of one eye, alleged to have been sustained by appellee in the course of his employment, by being struck with a nail while working as a carpenter for M. Clint Brown Company, a corporation, of which appellant was the compensation insurance carrier. Trial to the court without a jury resulted in a judgment for appellee, from which appellant has perfected its appeal.

Appellant challenges the judgment of the trial court as being without support in the evidence, in that, it is contended, the undisputed evidence shows that appellee, at the time of sustaining his injury, was Treasurer of M. Clint Brown Company, an office provided for in its by-laws; and for that reason (notwithstanding he was in fact employed by the corporation at that time as a carpenter) he may not be deemed or held to be an "employee" within the meaning of that term as used in the Workmen's Compensation Act.

Article 8309, Sec. 1a, R.C.S. of 1925, reads as follows: "The president, vice-president or vice-presidents, secretary or other officers thereof provided in its charter or by-laws and the directors of any corporation which is a subscriber to this law shall not be deemed or held to be an employe within the meaning of that term as defined in the preceding section hereof, and this notwithstanding they may hold other offices in the corporation and may perform other duties and render other services for which they receive a salary." The above section of the statute has been construed as excluding the benefits of the Workmen's Compensation Act from a person who is holding an office provided for in the charter or by-laws of a corporation, even though he was also employed by the corporation to do other and different work for which he received a salary and in the performance of which he sustains an injury. Lumbermen's Reciprocal Ass'n v. Bohlssen, Tex.Civ.App., 272 S.W. 813; Bell v. Texas Employers' Ins. Ass'n, Tex.Civ.App., 43 S.W.2d 290. The question of whether a person is an officer of a corporation at the time of receiving an injury is a matter in the first instance to be determined by the court or jury trying the facts. Bell v. Texas Employers' Ins. Ass'n, supra. If the finding of the court upon that issue is not without support in the evidence, it should be sustained by this court, 3 T.J. 1102, Sec. 771.

That appellee, E. D. Beasley, was regularly employed by M. Clint Brown Company as a carpenter, for the performance of which labor he was paid a salary, and in doing such work he received his injury, is not disputed. The only issue is as to whether or not he

was in fact an officer of said corporation at the time he sustained the injury. Upon that issue appellant introduced in evidence the application for articles of incorporation of M. Clint Brown Company, incorporated for the purpose of contracting to erect, construct and repair buildings and structures. The application is dated June 27, 1935, signed and sworn to by M. Clint Brown as owner of 98 of the 100 shares of corporate stock, and by Mittie Brown, owner of one share, and by E. D. Beasley, owner of one share, of the value of $100 per share, and which recites that the above-named persons are directors for the first year. Appellant introduced the by-laws of the corporation which in part provides that "each director shall be a stockholder, and shall receive no compensation for his services as a director. A transfer by a director of all his stock in the corporation shall operate as a resignation of his office"; and that "the officers of this corporation shall be a President, a Secretary and a Treasurer, who shall be elected for a term of one year and shall hold office until their successors are duly elected and qualified." And that "The treasurer shall have custody of all money and securities of the corporation and shall give bond in such sum and with such sureties as the directors may require, conditioned upon the faithful performance of the duties of his office. He shall sign all checks of the corporation, shall keep regular books of account and shall submit them, together with all his vouchers, receipts, records and other papers, to the directors for their examination and approval as often as they may require; and shall perform all such other duties as are incident to his office." Appellant introduced the "minutes of the first meeting of the directors" not dated but signed by M. Clint Brown and Mittie Brown. It recites that M. Clint Brown was elected President, Mittie Brown, Secretary, and E. D. Beasley, Treasurer of the corporation; and minutes of directors' meetings dated July 5, 1935, June 1, 1936, and July 1, 1936, which last three minutes were signed by M. Clint Brown, Mittie Brown and E. D. Beasley.

Appellee sustained his injury October 14, 1936.

Appellee testified, in substance, that he was a carpenter, 42 years of age, with very little education, not capable of keeping books or records, had worked since he was a small boy, had worked for M. Clint Brown since 1919; that he was working for him at the time Mr. Brown incorporated his business; that at Mr. Brown's request he agreed to sign the application for the charter just for Mr. Brown to get the charter for the corporation; that he did not put any money into it; that Mr. Brown said he would have him appear as taking one share of the stock; that appellee's name was to be used to get the business incorporated; that Mr. Brown said that appellee would not have anything to do with the corporation; that appellee transferred the one share of stock back to Mr. Brown just as soon as it was issued and never took it into his possession; (the record shows that this share of stock was transferred by appellee to M. Clint Brown July 30, 1935); that appellee had no other stock in the corporation, or any interest in it; that he never attended a meeting of the stockholders or directors; that he never agreed to assume any office in the corporation; that the minutes which he signed, he signed when he came in from work, but did not know what it was he was signing; that he never agreed to be Treasurer of the company and never accepted the office of Treasurer; that he never took care of any money, or of any bills and never kept any records, receipts or made any disbursements and did not keep any bank account, and never in any way qualified as Treasurer of the corporation; that he was not present at the meeting of the board of directors when his name was put down in the minutes as Treasurer and did not know of it until Mr. Brown told him, and it was then understood between him and Mr. Brown that he was not to be Treasurer; that Mr. Brown told him he was not expected to take the Treasurer's office.

"Q. Do you mean when you didn't resign you were still Treasurer? A. No, I never have been Treasurer.

"Q. Never have been Treasurer of the Company? A. No, sir."

In a sworn statement introduced in evidence by appellant, M. Clint Brown, president of the corporation, states: "Affiant further says that while the minutes show the election of E. D. Beasley as Treasurer, the said E. D. Beasley had nothing to do with the creation of said office, or the naming of himself as a Treasurer;

that the Treasurer's office was never, in fact, filled; that E. D. Beasley did not assume any duties of such office, and that it was understood by and between the officers of said Corporation and the said E. D. Beasley that he was not expected to fill the office of Treasurer, and that E. D. Beasley did not accept such office, nor assume any duties incident thereto; that it was understood by and between M. Clint Brown, President of the Company, and E. D. Beasley that he was not Treasurer, and this affiant says that the said E. D. Beasley severed all connection, if any he ever had, with the office of Treasurer of said Corporation, by an understanding between himself and the real officers of such concern;"

Upon this evidence the trial judge found:

"I further find that E. D. Beasley as an accommodation to the organizer of the M. Clint Brown Company, a private corporation, permitted his name to be used as one of the three persons organizing said corporation. I find that he in fact had no interest in the corporation and never purchased any stock in said corporation or owned any and that the stock that was written up in his name in the stock book of the corporation was held in trust at the time for M. Clint Brown.

"I find that shortly after the organization of the corporation of M. Clint Brown and long before E. D. Beasley sustained his injuries to his eye, E. D. Beasley transferred the only share of stock which had been written up in his name on the books of the corporation but which had never been delivered to him, assigning and transferring said stock to M. Clint Brown and that at said time he told the said M. Clint Brown, who was the president of said corporation and its principal stock holder, that he would have no further connection with said corporation. I find that E. D. Beasley severed all connection with said corporation as a stock holder, director and treasurer, if he were ever in fact the treasurer of said company, long before he sustained the injury to his eye.

"I find that at the time E. D. Beasley sustained the injury to his eye complained of in this suit he was not a stock holder in the M. Clint Brown Company or a director or a treasurer and at said time had no official position with said M. Clint Brown Company and that his only re-

lationship to M. Clint Brown Company at said time was that of employee of said Company.

"I further find that the by-laws of M. Clint Brown Company, Inc., required that the treasurer of said company should enter into a bond. I find that E. D. Beasley never accepted the position of treasurer in said corporation and never acted in the capacity of treasurer for said corporation and never executed a bond as provided for in the by-laws of said corporation, and never in fact became Treasurer of said corporation, which was by specific agreement between said E. D. Beasley and M. Clint Brown, the president of said company at the beginning of its activity."

We are unable to agree with appellant's contention that the trial court's finding is without any support in the evidence.

The judgment will be affirmed.