# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-02-00601-CV

**H. A. Lacey, Appellant**

**v.**

**State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT
NO. 96-14460, HONORABLE CHARLES F. CAMPBELL, JR., JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

Appellant H.A. Lacey (Lacey) appeals a summary judgment granted against Lacey and Hollis Petroleum, Inc. (L&HP) and its officers and directors individually for civil and administrative penalties resulting from violations of an Agreed Order (the Order) between L&HP and the Texas Natural Resource Conservation Commission[1] regarding the operation of underground storage tanks. Lacey asserts that the trial court erred in granting the summary judgment against him because the evidence presented a fact issue of whether or not he was an officer or director of L&HP at the time of the Order or anytime thereafter. He requests that the summary judgment against him individually be reversed and that the case be remanded to the trial court. We reverse and remand the case to the district court for further proceedings.

---

[1] The Texas Natural Resource Conservation Commission is the predecessor agency to the Texas Commission on Environmental Quality.

## BACKGROUND

On November 29, 1995, L&HP entered into an Agreed Order[2] with the State of Texas relating to the upgrade, removal, and registration of underground storage tanks maintained by L&HP. The Order provided for penalties unless certain actions relating to the tanks were completed within a specified time period. On November 27, 1996, the State of Texas filed a lawsuit alleging that L&HP had not complied with the terms and conditions of the Order and sought the damages and penalties provided for in the Order. The State also sought to hold H.A. Lacey, H.E. Lacey, and B.T. Hollis jointly and severally liable with L&HP based on their service as the officers and directors of L&HP at the time of the Order and thereafter. The State relied on the public information report filed by L&HP in 1992 as the basis for determining the officers and directors of L&HP and on Texas Tax Code section 171.255 as the statutory basis for individual liability. Corporations that are chartered or doing business in Texas are required to file an annual public information report listing the name, title, and address of each officer and director. Tex. Tax Code Ann. § 171.203 (West 2004-05). A corporation failing to file the report forfeits its corporate privileges and "each director or officer of the corporation [becomes] liable for each debt of the corporation that is created or incurred in this state after the date on which the report, tax, or penalty is due and before the corporate privileges are revived . . . ." *Id.* § 171.255(a) (West 2004-05). L&HP last filed a public information report in 1992. As a result of L&HP's failure to file a report in 1993 as required by the Tax Code, the corporate privileges of L&HP were forfeited on August 16, 1994, and the officers and directors became liable for each debt created or incurred by L&HP. *Id.* The trial court granted summary

---

[2] The Order was agreed to and signed by William Perkins, L&HP's lawyer, as an authorized representative of the corporation.

judgment against L&HP and each of the officers in their individual capacity for the violations of the Order.

Lacey appeals the judgment arguing that the trial court erred in granting traditional summary judgment against him because a genuine issue of material fact exists regarding whether or not he was an officer or director of L&HP after December 1993. We hold that a genuine issue of material fact does exist regarding his position in the company and reverse the summary judgment and remand the cause for further proceedings.

## DISCUSSION

The standard of review for a traditional summary judgment is well established: (1) the movant bears the burden of conclusively showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law; (2) in deciding whether there is a genuine issue of material fact precluding summary judgment, evidence favorable to the non-movant will be taken as true; and (3) every reasonable inference must be indulged in its favor. *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985). If the movant establishes a right to summary judgment, the burden shifts to the non-movant who must present summary judgment evidence to the trial court raising a genuine issue of material fact to preclude summary judgment. *Cannon v. Texas Indep. Bank*, 1 S.W.3d 218, 223 (Tex. App.—Texarkana 1999, pet. denied). If the evidence raises no more than a surmise or suspicion of a fact in issue, no genuine issue of fact exists to defeat summary judgment. *Selz v. Friendly Chevrolet, Ltd.*, 152 S.W.3d 833, 837 (Tex. App.—Dallas 2005, no pet.) (*citing Wiggins v. Overstreet*, 962 S.W.2d 198, 200 (Tex. App.—Houston [14th Dist.] 1998, writ

3

denied)). We review the trial court's decision to grant summary judgment de novo. *Natividad v. Alexsis*, 875 S.W.2d 695, 699 (Tex. 1994).

The State, as movant, bore the burden of establishing its entitlement to a summary judgment by conclusively establishing that Lacey was an officer of L&HP when the Order was violated. *Nixon*, 690 S.W.2d at 548; *Missouri-Kansas-Texas R.R. Co. v. City of Dallas*, 623 S.W.2d 296, 298 (Tex. 1981). The State asserts that L&HP's 1992 public information report, which listed Lacey as an officer of the corporation, conclusively establishes his role as officer from 1995-1996. For support the State cites only *Jonnet v. State*, a factually similar case in which we held that two old reports, an expired public information report and a report filed with the Railroad Commission, presented convincing evidence of the identity of the directors of a corporation. 877 S.W.2d 520, 524 (Tex. App.—Austin 1994, writ denied). However, there are two substantial differences between the evidence presented in *Jonnet* and the evidence the State presented against Lacey. First, the Jonnets "produced *no* evidence that they resigned or were otherwise removed as corporate officers or directors of [the corporation]. [T]he only evidence in the record [an expired public information report and a Railroad Commission form P-5] indicate[d] that the Jonnets were officers and directors when the Commission issued its order." *Id*. at 524 (emphasis added). Lacey, in contrast, presented evidence that he was *not* an officer or director at the relevant time. Lacey introduced his own affidavit in which he states that in December of 1993 he told another officer of L&HP that he was "resigning as an officer and director and separating [him]self from all affiliations with [L&HP]," and that he then moved to North Carolina and had no further contact with the corporation.[3] A "direct and

_____

[3] As evidence of his resignation, Lacey introduced his affidavit, which reads in relevant part:

4

unequivocal" affidavit from an interested party that specifically states facts within the affiant's personal knowledge can be sufficient to raise a fact issue. *Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex. 1984); Tex. R. Civ. P. 166(a). Second, the Railroad Commission form P-5, the second document on which we relied in *Jonnet*, requires more stringent reporting than does the public information report on which Lacey's liability is being based. The P-5 must be amended immediately if there are any substantive changes, such as resignation of officers and if no new officers are named, it is presumed that the old officers continue. *Id.* (citing 16 Tex. Admin. Code § 3.1 (1993)). Although the tax code requires that corporations update the public information report annually, there is no requirement that all changes be noted immediately and no presumption of continuity of officers is raised if later reports are not filed. Tex. Tax Code Ann. §§ 171.203-171.255. Further, the information in the L&HP report, which expired three years before the Order was violated, is more likely to be outdated than the information in the *Jonnet* reports which had expired less than a year before the event in question. *Id.* The 1992 report filed by L&HP is not conclusive summary

---

In December 1993 I told B.T. Hollis, who was an officer and director of Lacey and Hollis Petroleum, Inc., that I and my family were moving to North Carolina and that I was resigning as an officer and director and separating myself from all affiliations with Lacey and Hollis Petroleum, Inc. . . . . In December 1993 I moved to North Carolina and purchased a home and was employed in North Carolina and continue to reside in North Carolina through this date . . . . Since December 1993 I have not attended any meetings, signed any documents, or taken part in any decisions, operations or actions related to Lacey and Hollis Petroleum, Inc., other than my involvement with this lawsuit . . . . I was not told about or consulted with by any person regarding the Agreed Order (copy attached as part of Exhibit 1 to the State's Motion for Summary Judgment) either before or after December 11, 1995, and had no knowledge of that Agreed Order until I was served with Plaintiff's Original Petition in this lawsuit.

5

judgment evidence of Lacey's status as an officer or director of L&HP at the time that the company violated the order.

The State argues that Lacey failed to produce any corroborating evidence of his resignation and thus failed to raise a fact issue that would preclude summary judgment against him. However, Lacey had no duty to produce corroborating documents; rather, the burden rested on the State, as movant, to conclusively establish that no issue of fact exists. *Missouri-Kansas-Texas R.R. Co.*, S.W.2d at 298; *Nixon*, 690 S.W.2d at 548. The State did not meet this burden. As stated above, the 1992 report is not conclusive evidence of Lacey's position as an officer or director of L&HP at the relevant time, and the State presented no other evidence controverting Lacey's statement that he resigned from the corporation in 1993. However, even if the 1992 report had raised a presumption that Lacey was an officer or director of L&HP in 1995-96, Lacey's affidavit would raise an issue of fact sufficient to preclude summary judgment on the issue. An affidavit from an interested party can be sufficient to raise a question of fact if it sets forth direct and unequivocal facts, admissible in evidence, that show the existence of a dispute as to a material issue of fact, and if perjury can be assigned to it. *Brownlee*, 665 S.W.2d at 112; Tex. R. Civ. P. 166(a). Lacey sets out clear and specific facts relating to his resignation and subsequent move to North Carolina. Lacey avers that he resigned by telling another officer of L&HP that he "was resigning as an officer and director and separating [him]self from all affiliations with [L&HP]," and that "since December 1993 [he] ha[s] not attended any meetings, signed any documents, or taken part in any decisions, operations or actions related to [L&HP], other than [his] involvement with this lawsuit;" A verbal resignation from his office in 1993 would be sufficient to release him from liability for violations of the Order

6

in 1995-96. "Resignation from a corporate position is not required to be in writing, nor is it required to be in any special form . . . ." *Bell v. Texas Employers' Assoc.*, 43 S.W.2d 290, 293 (Tex. Civ. App.—Dallas 1931, writ dismissed).[4] Whether Lacey actually told the other officer that he was resigning as officer and director is an issue appropriate for a fact-finder.

After reviewing all of the evidence and taking all evidence favorable to the nonmovant as true, we conclude that the State failed to meet its burden to conclusively establish that Lacey was an officer or director of L&HP at the time of the violations, and therefore hold that the issue should be tried before a fact-finder.

## CONCLUSION

Having sustained the appellant's sole issue, we reverse the district court's summary judgment and remand cause for further proceedings.

_____

David Puryear, Justice

Before Justices B. A. Smith, Puryear and Pemberton

Reversed and Remanded

Filed: September 21, 2005

_____

[4] Under the current business corporation act, "unless otherwise provided by the articles of incorporation, a director may resign at any time by giving notice in writing or by electronic transmission to the corporation." Tex. Bus. Corp. Act art. 2.32(A) (West 2004-05). However, in 1993, at the time Lacey claims to have resigned from L&HP, the Act did not address proper methods of resignation from a corporation. *See* Act of May 25, 1991, 72d Leg., R.S., ch. 901, § 10. The caselaw governing at that time permitted verbal resignations. *Bell v. Texas Employers' Assoc.*, 43 S.W.2d 290, 293 (Tex. Civ. App.—Dallas 1931, writ dismissed).